Filing # 189873968 E-Filed 01/16/2024 11:03:00 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SECOND</u> JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u> COUNTY, FLORIDA

<u>MARSHA BODIFORD</u>
Plaintiff

Case # __2024 CA 000111__
Judge _____

vs.
<u>FLORIDA OFFICE OF INSURANCE REGULATION, MICHAEL YAWORSKY in his official</u>
<u>capac</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

A Certified Copy
Attest:
Gwendolyn Marshall
Clerk & Comptroller
Leon County, Florida

By _____
Deputy Clerk
5/6/24

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
     ☐ Business governance
     ☐ Business torts
     ☐ Environmental/Toxic tort
     ☐ Third party indemnification
     ☐ Construction defect
     ☐ Mass tort
     ☐ Negligent security
     ☐ Nursing home negligence
     ☐ Premises liability—commercial
     ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
     ☐ Commercial foreclosure
     ☐ Homestead residential foreclosure
     ☐ Non-homestead residential foreclosure
     ☐ Other real property actions

☐Professional malpractice
     ☐ Malpractice—business
     ☐ Malpractice—medical
     ☐ Malpractice—other professional
☒ Other
     ☐ Antitrust/Trade regulation
     ☐ Business transactions
     ☐ Constitutional challenge—statute or ordinance
     ☐ Constitutional challenge—proposed amendment
     ☐ Corporate trusts
     ☒ Discrimination—employment or other
     ☐ Insurance claims
     ☐ Intellectual property
     ☐ Libel/Slander
     ☐ Shareholder derivative action
     ☐ Securities litigation
     ☐ Trade secrets
     ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>1</u>

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.   DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Marie A Mattox</u>          Fla. Bar # <u>739685</u>
       Attorney or party                 (Bar # if attorney)

<u>Marie A Mattox</u>                 <u>01/16/2024</u>
   (type or print name)               Date

Filing # 189873968 E-Filed 01/16/2024 11:03:00 PM

**IN THE CIRCUIT COURT OF THE**
**SECOND JUDICIAL CIRCUIT, IN AND**
**FOR LEON COUNTY, FLORIDA**

**MARSHA BODIFORD,**

    **Plaintiff,**

v.

**FLORIDA OFFICE OF INSURANCE**
**REGULATION, and MICHAEL YAWORSKY,**
**in his official capacity as COMMISSIONER, FLORIDA**
**OFFICE OF INSURANCE REGULATION,**

    **Defendant.**

_____/

**CASE NO.: 24-CA-** 2024 CA 000111
**FLA BAR NO.: 0739685**

A Certified Copy
Attest:

Gwendolyn Marshall
Clerk & Comptroller
Leon County, Florida

By _____
Deputy Clerk
3/6/24

## COMPLAINT

Plaintiff, MARSHA BODIFORD, hereby sues Defendant, FLORIDA OFFICE OF

INSURANCE REGULATION, and Defendant MICHAEL YAWORSKY in his official capacity

as COMMISSIONER FLORIDA OFFICE OF INSURANCE REGULATION, and alleges:

### NATURE OF THE ACTION

1.    This is an action brought under the Florida Civil Rights Act, codified at Chapter

760, Florida Statutes, and under the Americans with Disabilities Act (ADA), codified at 42 U.S.C.

§ 12101, et seq.

2.    This action involves claims which are, individually, in excess of Fifty Thousand

Dollars ($50,000.00), exclusive of costs and interest.

### THE PARTIES

3.    At all times pertinent hereto, Plaintiff, MARSHA BODIFORD, has been a resident

of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class

due to her actual or perceived disability and/or her association with a person who is disabled and she was retaliated against after reporting Defendant's unlawful employment practices.

4. At all times pertinent hereto, Defendant, MICHAEL YAWORSKY, in his official capacity has been the COMMISSIONER of the FLORIDA OFFICE OF INSURANCE REGULATION. He has been an employer as that terms is used under the laws applicable to this action and was Plaintiff's employer.

5. At all times pertinent hereto, Defendant, FLORIDA OFFICE OF INSURANCE REGULATION, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

6. Plaintiff has satisfied all conditions precedent to bringing this action if any.

## STATEMENT OF THE ULTIMATE FACTS

7. Plaintiff began her employment with Defendant on or about February 2017 and held the position of Insurance Analyst II in Property and Casualty Market Regulation at the time of her forced constructive termination on March 6, 2020.

8. Despite her stellar work performance during her employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of her disability, because of her association with her mother, who was disabled and she was retaliated against after reporting Defendant's unlawful employment practices.

9. The disparate treatment and retaliation came at the hands of specifically but not limited to Director Sheryl Parker, Manager Stephanie Brown, and Supervisor Keith Nault.

10.     During her employment with Defendant, Plaintiff was perceived by Brown to have a serious medical condition, bipolar disorder.

11.     Plaintiff began her employment with Defendant as an Administrative Assistant with the Property and Casualty Product Review Section. Plaintiff received a position performance review of a 4.67 out of 5. Plaintiff earned her Associate Professional in Insurance Regulation and was accepted into Defendant's Leadership in Excellence Program.

12.     In January 2019, Plaintiff was promoted to Administrative Assistant II in the Property and Casualty Market Regulation Unit.

13.     In April 2019, Plaintiff was promoted again to Insurance Analyst II in Property and Casualty Market Regulation Unit. Plaintiff was a one-year probation due to the promotion and Supervisor Nault became Plaintiff's direct report. Plaintiff was told by Director Amy Grozos ("Grozos") to report to her if Nault made Plaintiff feel uncomfortable. Grozos was moved into a different position.

14.     Everything was going well until the arrival of Director Sheryl Parker in October 2019 and the promotion of Stephanie Brown to Manager shortly thereafter.

15.     In December 2019, Plaintiff's mother passed away whom Plaintiff helped care for during her long battle with a serious medical condition. Plaintiff took off through the new year in 2020 with the permission of Nault. Plaintiff learned that while she was off work, Parker said Plaintiff might not be returning since she was helping her father.

16.     On January 24, 2020, Nault and Senior Management Analyst Rachael Lozano called Plaintiff into a meeting. Nault and Lozano made positive comments about Plaintiff's work ethic and then discussed a timesheet that had not been approved. Nault also accused Plaintiff of having mood swings. Plaintiff asked if she was being reprimanded and Nault said she was not

being reprimanded, it was just a "conversation". Nault told Plaintiff that Parker had instructed him to have this meeting with Plaintiff.

17.     A few days later, Nault and Lozano were removed from having supervisory duties.

18.     In the Spring 2020, New Investigation Manager Chris Dunn called Plaintiff to his office. He told Plaintiff that it appeared she was not happy and that the Defendant was considering offering Plaintiff a position with Computer/Data duties. Plaintiff said she enjoyed her IT duties and wanted to continue her education and learning the insurance side of the business as well. Dunn said he wasn't sure if there would be a pay raise. Dunn then suggested Plaintiff clear the air with Parker. Plaintiff asked why she needed to clear the air. Dunn said it was noticeable that Plaintiff was not happy. Plaintiff said she had only been quiet and was still grieving the passing of her mother. Dunn said that being quiet explained everything. Plaintiff said she did not believe there was anything to clear in the air with Parker but she would be available if Parker wanted to talk with her. Plaintiff also said that she did not feel comfortable discussing her feelings due to the passing of her mother and a pet's death.

19.     In March 2020, in response to the Covid-19 pandemic, Parker relocated Plaintiff and all other employees to different cubicles. Plaintiff told Parker that many co-workers did not want to be moved. Parker said it did not matter- it was not their choice. Plaintiff was tasked with moving heavier objects including large filing cabinets and the personal belongings of an injured co-worker, Terri Williams.

20.     On March 6, 2020, after three years of dedicated service without any previous reprimands, Plaintiff was forced to resign or be terminated. Plaintiff was called for a meeting with Parker and Human Resources Representative Monica Ross. Parker advised Plaintiff her services were no longer needed and told Plaintiff she had a resignation letter and a termination letter and

Plaintiff had five minutes to decide which one to sign. Plaintiff requested to know the reason for her termination and Parker said she didn't need to have a reason why. Plaintiff asked for time to consult with a third party to assist her with the decision and was denied this request and given 5 minutes to make her decision. Under duress, Plaintiff signed the resignation paper.

21.     Plaintiff learned after her forced resignation that Brown had told people in the Unit that Plaintiff was bipolar, a serious medical condition. Insurance Analysis Bobbie Jo Bullington called Plaintiff after she was terminated and told Plaintiff that Brown told her that Plaintiff was bipolar. Bullington told Plaintiff that Brown had told her that Plaintiff was going down and she needed to stay away from Plaintiff. Bullington also told Plaintiff that Brown had reported to her that Plaintiff refused to take bipolar medication.

22.     Plaintiff was treated less favorably that co-workers outside of her protected class, specifically but not limited to Brown and Nault.

23.     By way of example, Nault had numerous employee complaints and he was not forced to resign. Brown was also promoted while lacking the qualifications for her promotion.

24.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## DISABILITY DISCRIMINATION
### Against Defendant MICHAEL YAWORSKY in his official capacity as COMMISSIONER FLORIDA OFFICE OF INSURANCE REGULATION

25.     Paragraphs 1 through 24 above are re-alleged and incorporated herein.

26.     This count sets forth a claim for discrimination on the basis of Plaintiff's perceived mental or physical disability and/ or record of impairment and/or due to her association with her mother, who was disabled, brought under 42 U.S.C. §12101, et seq.

27.     Plaintiff has been a victim of discrimination on the basis of actual or perceived disability and/or record of impairment. During the course of Plaintiff's employment by Defendant, Plaintiff was treated differently than similarly situated employees who are not perceived as disabled and/or who are associated with a person who was disabled.

28.     Defendant is liable for the differential treatment of Plaintiff, which adversely affected a term, condition, or privilege of Plaintiff's employment with Defendant as those terms are used in the applicable statutes.

29.     Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

30.     In essence, the actions of agents of Defendant, which were each condoned and/or ratified by Defendant, were disability/perceived disability-based and in violation of the laws set forth herein.

31.     The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment by Defendant. The events set forth herein led, at least in part, to Plaintiff's forced constructive termination.

32.     Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon disability or perceived disability, under the laws cited herein.

33.     As a direct and proximate result of Defendant's conduct described above, Plaintiff is entitled to prospective injunctive relief, attorneys fees and costs.

**COUNT II**
**DISABILITY DISCRIMINATION**
**Against Defendant FLORIDA OFFICE OF INSURANCE REGULATION**

34.     Paragraphs 1 through 24 above are re-alleged and incorporated herein.

35.     This count sets forth a claim for discrimination on the basis of Plaintiff's perceived mental or physical disability and/ or record of impairment brought under Chapter 760, Florida Statutes.

36.     Plaintiff has been a victim of discrimination on the basis of actual or perceived disability and/or record of impairment. During the course of Plaintiff's employment by Defendant, Plaintiff was treated differently than similarly situated employees who are not perceived as disabled.

37.     Defendant is liable for the differential treatment of Plaintiff, which adversely affected a term, condition, or privilege of Plaintiff's employment with Defendant as those terms are used in the applicable statutes.

38.     Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

39.     In essence, the actions of agents of Defendant, which were each condoned and/or ratified by Defendant, were disability/perceived disability-based and in violation of the laws set forth herein.

40.     The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment by Defendant. The events set forth herein led, at least in part, to Plaintiff's forced constructive termination.

41.     Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon disability or perceived disability, under the laws cited herein.

42.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses,

inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present, and likely will continue in to the future. Plaintiff is entitled to equitable/injunctive relief.

<b><u>PRAYER FOR RELIEF</u></b>

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

    (a)    that process issue and this Court take jurisdiction over this case;

    (b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

    (c)    enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

    (d)    enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

    (e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

    (f)    award Plaintiff interest where appropriate; and

    (g)    grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

<b><u>DEMAND FOR TRIAL BY JURY</u></b>

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 16th day of January 2024.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com
discovery@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

Filing # 189873968 E-Filed 01/16/2024 11:03:00 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**MARSHA BODIFORD,**

CASE NO.: 24-CA-  2024 CA 000111
FLA BAR NO.: 0739685

Plaintiff,

v.

**FLORIDA OFFICE OF INSURANCE
REGULATION, and MICHAEL YAWORSKY,**
in his official capacity as COMMISSIONER, FLORIDA
OFFICE OF INSURANCE REGULATION,                    **SUMMONS**

Defendant.
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or
petition in this action on Defendant:

**FLORIDA OFFICE OF INSURANCE REGULATION
c/o MICHAEL YAWORSKY – COMMISSIONER
200 EAST GAINES STREET
TALLAHASSEE, FLORIDA 32399**

Each defendant is required to serve written defenses to the complaint or petition on
**Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **203 North Gadsden Street,
Tallahassee, FL 32301,** within 20 days after service of this summons on that defendant,
exclusive of the day of service, and to file the original of the defenses with the clerk of this court,
either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do
so, a default will be entered against that defendant for the relief demanded in the complaint or
petition.

DATED on _____1/22/2024_____, 2024.

CLERK OF THE CIRCUIT COURT

By: _____

A Certified Copy
Attest:
Gwendolyn Marshall
Clerk & Comptroller
Leon County, Florida

By _____ Deputy Clerk
5/6/24

Filing # 189873968 E-Filed 01/16/2024 11:03:00 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**MARSHA BODIFORD,**

CASE NO.: 24-CA-  2024 CA 000111
FLA BAR NO.: 0739685

      **Plaintiff,**

v.

**FLORIDA OFFICE OF INSURANCE
REGULATION, and MICHAEL YAWORSKY,**
in his official capacity as COMMISSIONER, FLORIDA
**OFFICE OF INSURANCE REGULATION,**

**SUMMONS**

      **Defendant.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **MICHAEL YAWORSKY, in his official
capacity as COMMISSIONER, FLORIDA
OFFICE OF INSURANCE REGULATION
200 EAST GAINES STREET
TALLAHASSEE, FLORIDA 32399**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301,** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____1/22/2024_____, 2024.

            CLERK OF THE CIRCUIT COURT

            By:_____
               A Certified Copy
               Attest:

              Gwendolyn Marshall
              Clerk & Comptroller
              Leon County, Florida

              By_____
                  Deputy Clerk
                        5/16/24

Filing # 189873968 E-Filed 01/16/2024 11:03:00 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

MARSHA BODIFORD,                                  CASE NO.: 24-CA-  2024 CA 000111
                                                  FLA BAR NO.: 0739685
          Plaintiff,

v.

FLORIDA OFFICE OF INSURANCE
REGULATION, and MICHAEL YAWORSKY,
in his official capacity as COMMISSIONER, FLORIDA
OFFICE OF INSURANCE REGULATION,                                  **SUMMONS**

          Defendant.

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

          YOU ARE COMMANDED to serve this summons and a copy of the complaint or
petition in this action on Defendant:

          **DIVISION OF RISK MANAGEMENT**
          **Department of Financial Services**
          **200 East Gaines Street**
          **Tallahassee, FL 32399**

          Each defendant is required to serve written defenses to the complaint or petition on
**Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **203 North Gadsden Street,**
**Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant,
exclusive of the day of service, and to file the original of the defenses with the clerk of this court,
either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do
so, a default will be entered against that defendant for the relief demanded in the complaint or
petition.

          DATED on _____1/22/2024_____, 2024.

                              CLERK OF THE CIRCUIT COURT



                         By: _____
                              A Certified Copy
                              Attest:

                              Gwendolyn Marshall
                              Clerk & Comptroller
                              Leon County, Florida

                         By _____
                                        Deputy Clerk
                                           5/6/24

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**MARSHA BODIFORD**

Plaintiff

vs                                                             CASE NO.: 2024 CA 000111

**FLORIDA OFFICE OF INSURANCE REGULATION**

Defendant

_____/

### UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT

In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

### I. PROJECTED TRIAL DATE

All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the

presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a Joint Notice that the Cause is at Issue no later than 15 days after the pleadings are closed. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for Streamlined Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

120 days after filing: Service of Complaints
150 days after filing: Service under any Extension of Time
180 days after filing: Adding New Parties
210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
270 days after filing: Completion of Fact and Expert Discovery
270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

120 days after filing: Service of Complaints
180 days after filing: Service under any Extension of Time
210 days after filing: Adding New Parties
270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
400 days after filing: Completion of Fact and Expert Discovery
450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.

Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an  immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial shall be conducted consistent with Florida Supreme Court andSecond Circuit Administrative Order by audio-video technology. Each judge isresponsible to establish the process for such audio-video technology hearings bynotice of hearing including technology access.After the conclusion of the COVID-19 Public Health Emergency all hearings otherthan jury selection and trial may be conducted by audio-video technology. Eachjudge is responsible to establish the process for such audio-video technologyhearings by notice of hearing including technology access.

Monday, January 22, 2024

JOHN C COOPER CIRCUIT JUDGE

_____

JOHN C COOPER
Circuit Judge

A Certified Copy
Attest:

Gwendolyn Marshall
Clerk & Comptroller
Leon County, Florida

By _____
Deputy Clerk

5/6/24

## SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail. The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.



## LEON COUNTY Receipt of Transaction
### Receipt #    1758643

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Marie A. Mattox P.A.

,

**On Behalf Of:**

On: 1/22/2024  1:57:13PM
Transaction # 101045702
Cashiered by: S DRINKARD

,

| CaseNumber   2024 CA 000111 |
|---|

**Judge   JOHN C COOPER**

**MARSHA BODIFORD  *VS*  FLORIDA OFFICE OF INSURANCE REGULATION**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (CASUIS) CIRCUIT CIVIL SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| (CASUIS) CIRCUIT CIVIL SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| (CASUIS) CIRCUIT CIVIL SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total:** | **430.00** | **0.00** | **0.00** | **430.00** | **430.00** | **0.00** |
| **Grand Total:** | **430.00** | **0.00** | **0.00** | **430.00** | **430.00** | **0.00** |

| PAYMENTS |
|---|

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 189873968 | OK | 430.00 | 0.00 | 0.00 | 0.00 | 430.00 |
| | | **Payments Total:** | **430.00** | **0.00** | **0.00** | **0.00** | **430.00** |

A Certified Copy
Attest:

Gwendolyn Marshall
Clerk & Comptroller
Leon County, Florida

By

Deputy Clerk

5/6/24

Page 1 of 1

Filing # 192858666 E-Filed 02/27/2024 04:52:23 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**MARSHA BODIFORD,**

                                      **CASE NO.: 24-CA-111**

        **Plaintiff,**

**v.**

**FLORIDA OFFICE OF INSURANCE
REGULATION, and MICHAEL YAWORSKY,
in his official capacity as COMMISSIONER, FLORIDA
OFFICE OF INSURANCE REGULATION,**

        **Defendants.**

_____/

## NOTICE OF APPEARANCE AND DESIGNATION
## OF PRIMARY AND SECONDARY E-MAIL ADDRESSES

The undersigned, Erika E. Goodman, now appears as additional counsel of record for Plaintiff. Pursuant to Florida Rule of Judicial Administration 2.516(b)(1)(A), the undersigned hereby designates her primary and secondary e-mail addresses and requests that order, process, pleadings, and other documents filed and served in this matter be served on her at the following Primary and Secondary e-mail addresses listed below. Where service of hard copies is to be made in addition to the e-mail service, counsel requests that the copies be served on her at the physical address listed below.

Primary E-Mail Address: Erika@erikagoodmanlaw.com
erika@mattoxlaw.com
Secondary E-Mail Address: sherry@mattoxlaw.com
Scheduling: michelle2@mattoxlaw.com

I HEREBY CERTIFY that a copy of the foregoing has been furnished via electronic filing only to all counsel of record this 27th day of February 2024.



A Certified Copy
Attest:

Gwendolyn Marshall
Clerk & Comptroller
Leon County, Florida

By _____
Deputy Clerk

Respectfully submitted,

**_/s/ Erika E. Goodman_**
Erika E. Goodman
Florida Bar No.: 0060951
MARIE A. MATTOX, P. A.
203 North Gadsden St.
Tallahassee, FL   32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
ATTORNEY FOR PLAINTIFF

Filing # 193382812 E-Filed 03/05/2024 06:37:33 PM

## VERIFIED RETURN OF SERVICE

Job # T241657

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

**PLAINTIFF:**                                                          CIRCUIT COURT
MARSHA BODIFORD
  -versus-                                                    County of Leon, Florida
**DEFENDANT:**                                          Court Case # **2024 CA 000111**
FLORIDA OFFICE OF INSURANCE REGULATION; ET AL

**Service Info:**

**Received by KATHRYN VILLA: on March, 1st 2024 at 11:52 AM**
**Service:** I Served **DIVISION OF RISK MANAGEMENT C/O DEPARTMENT OF FINANCIAL SERVICES**
With: **SUMMONS; COMPLAINT; UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT**
by leaving with **DILLAN REEL, PROCESSOR**

**At Business 200 EAST GAINES STREET TALLAHASSEE, FL 32399**
**On 3/1/2024 at 01:06 PM**
**Manner of Service: GOVERNMENT AGENCY**
PUBLIC AGENCY SERVICE: F.S. 48.111 (1)(a)(b)(c) (2) (3)

I **KATHRYN VILLA** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction
wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the
foregoing document and that the facts stated in it are true.

*Kathryn Villa*

**KATHRYN VILLA**
Lic # **286**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T241657**    Client Ref # **MARSHA
BODIFORD**

A Certified Copy
Attest:
**Gwendolyn Marshall**
Clerk & Comptroller
Leon County, Florida
By _____
Deputy Clerk





Filing # 189873968 E-Filed 01/16/2024 11:03:00 PM

INITIALS: KV  ID # 286
DATE: 3/1/2024 TIME: 01:06 PM
MILITARY: NA
MARITAL STATUS: NA

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**MARSHA BODIFORD,**

      **Plaintiff,**

v.

**FLORIDA OFFICE OF INSURANCE
REGULATION, and MICHAEL YAWORSKY,**
in his official capacity as **COMMISSIONER, FLORIDA
OFFICE OF INSURANCE REGULATION,**

      **Defendant.**

_____/

**CASE NO.: 24-CA-**  2024 CA 000111
**FLA BAR NO.: 0739685**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **DIVISION OF RISK MANAGEMENT**
      **Department of Financial Services**
      **200 East Gaines Street**
      **Tallahassee, FL 32399**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____1/22/2024_____, 2024.

                  CLERK OF THE CIRCUIT COURT



                  By: _____

Filing # 193382812 E-Filed 03/05/2024 06:37:33 PM

# VERIFIED RETURN OF SERVICE

Job # T241658

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL  32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| MARSHA BODIFORD | |
| -versus- | County of Leon, Florida |
| **DEFENDANT:** | Court Case # **2024 CA 000111** |
| FLORIDA OFFICE OF INSURANCE REGULATION; ET AL | |

**Service Info:**

**Received by KATHRYN VILLA: on March, 1st 2024 at 11:56 AM**
**Service:** I Served **MICHAEL YAWORSKY, IN HIS OFFICIAL CAPACITY AS COMMISSIONER, FLORIDA OFFICE OF INSURANCE REGULATION**
With: **SUMMONS; COMPLAINT; UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT**
by leaving with **DILLAN REEL, PROCESSOR**

**At Business 200 EAST GAINES STREET TALLAHASSEE, FL 32399**
**On 3/1/2024 at 01:06 PM**
**Manner of Service: GOVERNMENT AGENCY**
PUBLIC AGENCY SERVICE: F.S. 48.111 (1)(a)(b)(c) (2) (3)

I **KATHRYN VILLA** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

*Kathryn Villa*

**KATHRYN VILLA**
Lic # **286**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T241658**   Client Ref # **MARSHA BODIFORD**

A Certified Copy
Attest:

Gwendolyn Marshall

Clerk & Comptroller
Leon County, Florida

By  3/6/24
Deputy Clerk

 

1 of 1

Filing # 193382812 E-Filed 03/05/2024 06:37:33 PM

# VERIFIED RETURN OF SERVICE

Job # T241659

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| MARSHA BODIFORD | |
| -versus- | County of Leon, Florida |
| **DEFENDANT:** | Court Case # **2024 CA 000111** |
| FLORIDA OFFICE OF INSURANCE REGULATION; ET AL | |

**Service Info:**

Received by KATHRYN VILLA: on March, 1st 2024 at 11:57 AM
Service: I Served **FLORIDA OFFICE OF INSURANCE REGULATION, C/O MICHAEL YAWORSKY - COMMISSIONER**
With: **SUMMONS; COMPLAINT; UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT**
by leaving with **DILLAN REEL, PROCESSOR**

**At Business 200 EAST GAINES STREET TALLAHASSEE, FL 32399**
On 3/1/2024 at 01:06 PM
**Manner of Service: GOVERNMENT AGENCY**
PUBLIC AGENCY SERVICE: F.S. 48.111 (1)(a)(b)(c) (2) (3)

I **KATHRYN VILLA** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

*Kathryn Villa*

_____

**KATHRYN VILLA**
Lic # **286**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32601
Phone: (850) 519-5494

Our Job # **T241659**    Client Ref # **MARSHA BODIFORD**

A Certified Copy
Attest:

**Gwendolyn Marshall**
Clerk & Comptroller
Leon County, Florida

By 

Deputy Clerk

5/16/24





1 of 1

Filing # 189873968 E-Filed 01/16/2024 11:03:00 PM

INITIALS: KV  ID # 286
DATE: 3/1/2024 TIME: 01:06 PM
MILITARY: NA
MARITAL STATUS: NA

**IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA**

**MARSHA BODIFORD,**

      **Plaintiff,**

v.

**FLORIDA OFFICE OF INSURANCE
REGULATION, and MICHAEL YAWORSKY,
in his official capacity as COMMISSIONER, FLORIDA
OFFICE OF INSURANCE REGULATION,**

      **Defendant.**

_____/

**CASE NO.: 24-CA-** 2024 CA 000111
**FLA BAR NO.: 0739685**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **FLORIDA OFFICE OF INSURANCE REGULATION
c/o MICHAEL YAWORSKY – COMMISSIONER
200 EAST GAINES STREET
TALLAHASSEE, FLORIDA 32399**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301,** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____*1/22/2024*_____, 2024.

      CLERK OF THE CIRCUIT COURT

      By:_____