UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARSHA BODIFORD,

    Plaintiff,

v.                                  Case No.  4:24-cv-00204-AW-MJF

FLORIDA OFFICE OF INSURANCE
REGULATION, and MICHAEL YAWORSKY,
In his official capacity as COMMISSIONER,
FLORIDA OFFICE OF INSURANCE
REGULATION,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS AND/OR MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO STRIKE

Defendants, **FLORIDA OFFICE OF INSURANCE REGULATION ("OIR"), and MICHAEL YAWORSKY ("Commissioner"), in his official capacity as COMMISSIONER, FLORIDA OFFICE OF INSURANCE REGULATION,** by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), (e) and (f), and N.D. Fla. Loc. R. 7.1, move this Court for an Order dismissing the Plaintiff's Complaint, and state as follows:

## INTRODUCTION

Plaintiff filed a two-count complaint asserting a disability discrimination claim against OIR, pursuant to Chapter 760 of the Florida Civil Rights Act ("FCRA"), as well as a claim against Michael Yaworsky, in his official capacity as Commissioner of OIR, pursuant to the Americans with Disabilities Act ("ADA"), codified at 42. U.S.C. §12101, et. seq.

Plaintiff has failed to allege sufficient facts to state a claim upon which relief can be granted. Therefore, dismissal of the Plaintiff's complaint is warranted. In the alternative, because the Complaint is too vague and ambiguous for the Defendants to frame a proper response to the Plaintiff's claims, Defendants move for a more definite statement. Lastly, Defendants move to strike certain elements of Plaintiff's Complaint that are wholly irrelevant to Plaintiff's disability discrimination claims, as well as Plaintiff's demand for pre-judgment interest.

## ARGUMENT AND MEMORANDUM OF LAW

**(I) STANDARD OF REVIEW FOR MOTIONS TO DISMISS, STRIKE AND FOR MORE DEFINITE STATEMENT**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678 (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557 (alteration in original)).

The purpose of a motion for more definite statement filed pursuant to Federal Rule of Civil Procedure 12(e) is to prevent vague or ambiguous pleadings such "that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Rule 12(e) should be read alongside Federal Rule of Civil Procedure 8(a)(2). Upon a motion that demonstrates the defects in the pleading and the details desired, a court may order a party to file a more definite statement. See Betancourt v. Marine Cargo Mgmt., Inc., 930 F. Supp. 606, 608 (S.D. Fla. 1996). Clear pleadings are essential because "unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Anderson v. Dist. Bd. of Trus. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 367 (11th Cir. 1996).

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). District Courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005).

**(II) PLAINTIFF'S IMPROPER COALESCING OF CAUSES OF ACTION**

Plaintiff's sole causes of action in the Complaint are disability discrimination claims. Yet, the Complaint contains buzz words, language and allegations that allude to another unpled cause of action. For example, twice Plaintiff alleges she was "retaliated against after reporting Defendant's unlawful employment practices." (Complaint at ¶¶ 3, 8). Plaintiff is conflating a potential retaliation claim with a disability discrimination claim. If Plaintiff wanted to bring a retaliation claim, she must have pled it separately, which she did not. Nor did she allege what she reported, when she reported it, to whom she reported it, or how she reported it. Nor does she describe in any way what alleged "retaliation" she suffered after allegedly engaging in protected activity.

Plaintiff's attempt to combine a separate and distinct cause of action for retaliation under the umbrella of a disability discrimination claim is wholly improper

and impairs the Defendants' ability to identify what cause of actions are being pled and frame a proper response.

Accordingly, all allegations not relating to Plaintiff's disability discrimination claims, detailed above, should be stricken from the Complaint.

### (III) OFFICIAL CAPACITY CLAIM IS VAGUE AND, AS PLED, IS BARRED BY THE ELEVENTH AMENDMENT

State officials are not entitled to state sovereign immunity from claims for prospective, injunctive relief under certain circumstances. Ex parte Young, 209 U.S. 123, 159-60 (1908); see also Scott v. Taylor, 405 F.3d 1251, 1255 (11th Cir. 2005) ("[O]fficial capacity suits for prospective relief to enjoin state officials from enforcing unconstitutional acts are not deemed to be suits against the state and thus are not barred by the Eleventh Amendment"). This is a narrow exception to the general rule of state immunity, in that it permits suit only against a state official directly for prospective equitable relief to end a continuing violation of federal law. See Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Serv., 225 F.3d 1208, 1219 (11th Cir. 2000); see also Nicholl v. Att'y Gen., Ga., 769 F. App'x 813, 815 (11th Cir. 2019) (per curiam).

Here, however, the Complaint is framed in such a way that the Prayer for Relief is unclear as to whether it applies to all Counts, Count I only, or Count II only. As such, given the vague nature in which the Prayer for Relief is pled, it can

reasonably be read to seek far more than prospective injunctive relief from the Commissioner, including "general and compensatory damages and economic loss to [the] Plaintiff." Moreover, Count I seeks attorneys' fees and costs, in addition to injunctive relief.

Therefore, either Count I must be dismissed as the Complaint can be fairly read to mean that the Plaintiff is seeking more than prospective injunctive relief from the Commissioner in his official capacity, in which case Count I would be barred by the Eleventh Amendment, or, alternatively, a more definite statement is warranted to clarify that Count I seeks only prospective injunctive relief and the "Prayer for Relief" is applicable to Count II only.

**(IV) PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR DISABILITY DISCRIMINATION**

*(i) Complaint Fails to Allege Plaintiff was Discriminated Against "Because of" Her Disability*

The ADA prohibits discrimination "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). To prevail on her disability discrimination claim under the ADA, Plaintiff must show that: (1) she is disabled, (2) she was a "qualified individual" when she was terminated, and (3) she was discriminated against on account of her disability. Frazier-White v. Gee, 818 F.3d 1249, 1255 (11th Cir. 2016). Plaintiff's disability discrimination claim under the FCRA includes the same essential elements. See Greenberg v. BellSouth

Telecomms., Inc., 498 F.3d 1258, 1263-64 (11th Cir. 2007) ("Claims raised under the Florida law are analyzed under the same framework as the ADA."). Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1255 (11th Cir. 2007) (FRCA disability-discrimination claims are analyzed using the same framework that is used for Americans with Disabilities Act ("ADA") claims).

As to the third prong, the Eleventh Circuit has made clear that the ADA imposes a "but-for" causation standard – that is, an adverse employment action would not have occurred but for the plaintiff's disability. Akridge v. Alfa Ins. Co., 93 F.4th 1181, 1192 (11th Cir. 2024).  Here, in both Counts I and II, Plaintiff pleads that "the events set forth herein led, **at least in part**, to Plaintiff's forced constructive termination." (Complaint at ¶¶ 31, 40) (emphasis added).  Stated differently, the allegations of disability discrimination contained in the Plaintiff's Complaint were **part** of the reason for her separation from employment, meaning that something else contributed to it. That is fatal to her both her discrimination claims because such allegations fail to establish "but-for" causation which is required to state a cause of action under both the ADA and the FCRA.  As such, Plaintiff's complaint is due to be dismissed.

### (ii) The Complaint Fails to State a Cause of Action for Disparate Treatment

Additionally, the Complaint fails to state a "disparate treatment" disability discrimination claim. Plaintiff asserts two allegations regarding disparate treatment: (1) Nault was treated more favorably than Plaintiff because he had "numerous employee complaints" and was not forced to resign, and (2) Brown was treated more favorably than Plaintiff because Brown was promoted while lacking the qualifications for her promotion. (Complaint at ¶23). Absent from the Complaint, however, are any allegations that Plaintiff herself had numerous employee complaints, or that she was ever denied a promotion. Absent such allegations, Plaintiff's disparate treatment claims fail to state a cause of action.

### (iii) Plaintiff Fails to State a Constructive Termination Claim

To state a claim for disability discrimination under the ADA or FCRA, an employee must first show that she suffered an adverse employment action. Fla. Dep't of Child. & Families v. Askew, 365 So. 3d 1211, 1216 (Fla. 1st DCA 2023) citing Sutherland v. Boehringer-Ingelheim Pharms., Inc., 700 Fed. App'x 955, 959 (11th Cir. 2017). When an employee resigns, she must prove that she was constructively discharged to show that she suffered an adverse employment action. See Davis v. Legal Servs. Ala., Inc., 19 F.4th 1261, 1267-68 (11th Cir. 2021). That is because resignations are presumed to be voluntary unless the

employee presents sufficient evidence showing her resignation was involuntary. Hargray v. City of Hallandale, 57 F.3d 1560, 1568 (11th Cir. 1995).

Here, Plaintiff alleged she suffered a "forced constructive termination on March 6, 2020." (Complaint at ¶7). This vague and conclusory allegation falls woefully short of pleading a constructive termination claim. A constructive termination contemplates a situation in which an employer discriminates against an employee to the point that her "working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign." Pennsylvania State Police v. Suders, 542 U.S. 129, 141, (2004); Richardson v. Rec. Veh. Park Mgmt., LLC, 330 So. 3d 104, 106 (Fla. 1st DCA 2021). Generally, constructive termination involves a course of intolerable harassing conduct over a period of time. Bell v. Crackin Good Bakers, 777 F.2d 1497 (11th Cir. 1985); Dawkins v. Bellsouth Telcoms., Inc., No. 8:04-CV-0005-T-17TBM, 2006 U.S. Dist. LEXIS 41770, at *8 (M.D. Fla. June 22, 2006).

Plaintiff's complaint contains no such allegations, and rather, the opposite is true. Plaintiff alleges only after she left OIR did she learn that her Manager Brown allegedly told people in her unit that Plaintiff was bi-polar and refusing to take her medication, and that the Plaintiff was "going down," advising another employee to stay away from the Plaintiff. Absent those after the fact allegations, the Complaint

9

is silent as to "a course of intolerable harassing conduct over a period of time," and thus, those allegations fail to state a claim for constructive discharge.

**(V)   PLAINTIFF'S DEMAND FOR PRE-JUDGMENT INTEREST SHOULD BE STRICKEN**

Plaintiff, in her Prayer for Relief, requests that the Court award her "interest where appropriate." However, Florda law does not permit an award for pre-judgment interest against the states, its agencies, and subdivisions. See Section 768.28(5)(a), Fla. Stat. ("The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period before judgment."). See also Id. at (2) (defining "state agencies or subdivisions" to include counties and municipalities). Accordingly, Plaintiff's demand for pre-judgment interest must be stricken from the Complaint.

**CONCLUSION**

**WHEREFORE**, for the reasons set forth above, the Defendants respectfully request this Court enter an Order dismissing Plaintiff's Complaint, or, alternatively, directing Plaintiff to provide a more definite statement of the allegations support her claims against them, and striking Plaintiff's impertinent allegations sounding in retaliation, as well as her claim for pre-judgment interest, along with any other relief this Court deems appropriate.

Dated this 9th day of May 2024.

          Respectfully submitted,

          */s/ Lisa B. Fountain*
          **LISA B. FOUNTAIN**
          Florida Bar No. 0948802
          lfountain@ngnlaw.com

          **NABORS GIBLIN & NICKERSON**
          1500 Mahan Drive, Suite 200
          Tallahassee, Florida 32308
          Telephone: (850) 224-4070
          Facsimile: (850) 224-4073

          *Attorneys for Defendants*

## WORD COUNT CERTIFICATION

This document complies with the word limits set forth in N.D. Fla. Local Rule 7.1(F), and contains 2075 words, which includes the headings, footnotes and quotations, but does not include the case style, signature block or Certificates of Word Count and Service.

          */s/ Lisa B. Fountain*
          **LISA B. FOUNTAIN**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 9th day of May, 2024, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Northern District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

          */s/ Lisa B. Fountain*
          **LISA B. FOUNTAIN**